IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Xiamen Tingken Electronic Technology Co., Ltd. a/k/a NOONCRAZYPRO Store, <br><br> Plaintiff, <br><br> v. <br><br> Bala Bangles, Inc., Natalie Kislevitz and Maximilian Kislevitz <br> Defendants. | Civil Action No. 25-cv-05155 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Xiamen Tingken Electronic Technology Co., Ltd. a/k/a NOONCRAZYPRO Store ("Plaintiff") brings this action against Defendants Bala Bangles, Inc., Natalie Kislevitz and Maximilian Kislevitz ("Bala Bangles," "N. Kislevitz" "M. Kislevitz" respectively and "Defendants" collectively) (i) for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. that U.S. Design Patent No. D888,167 ("the 'D167 Patent," Exhibit 1) is not infringed by Plaintiff's products and that the 'D167 Patent is invalid over prior art references, (ii) for money damages for misuse of the 'D167 Patent, in violations of New York General Business Law (GBL) § 349 which prohibits such deceptive acts or practices and (iii) for money damages for tortious interference with business relationships with Amazon and with consumers in the State of New York.

## THE PARTIES

1. Plaintiff is a Chinese company with its principal place of business at Room 504, No. 47, Xilinxili, Siming District, Xiamen, Fujian Province, P.R. China 361000. Plaintiff operates an online store on the Amazon platform under the store name NOONCRAZYPRO Store, Amazon ID No. A2K5C3NHN1PGCA and Amazon ASINs of B0CRYZBNV3;

1

BODDT8TLXT; BOCRYSY6GP; BODDT5WVGS; BODDT6W4JR; BOD45M9YHM; BOCRYXBCKJ; BOD459VYWR; BOD44TZ8PJ; BOD44V51SJ; BOD44TVLFC; BOCRYT3S82.  Plaintiff sells its weight band products to consumers in the U.S., including those in the State of New York.  Prior to being locked down, Plaintiff sold weight bands to consumers in the State of New York (Exhibit 2).

2. On information and belief, Bala Bangles is incorporated in the State of California, with regular and established places of business within this judicial district from the Lowe's stores (Exhibit 3).  Defendant used the 'D167 Patent to wrongfully locked down all ASINs listed in paragraph 1 and halted sales of Plaintiff's products to consumers in the State of New York.

3. N. Kislevitz is the lead inventor of the 'D167 Patent and resides at 220 Water Street, #203, Brooklyn, New York 11201.

4. M. Kislevitz is a co-inventor of the 'D167 Patent and also resides at 220 Water Street, #203, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 35 U.S.C. § 100, et seq.  The Court also has supplemental jurisdiction over state law claims for violations of New York General Business Law (GBL) § 349 and for tortious interference with business relationship.

6. This Court has personal jurisdiction over Defendants because N. Kislevitz and M. Kislevitz resides in the State of New York. Bala Bangles also maintained regular and established places of business within the State of New York by selling its patented products through local Lowe's stores. Additionally, Bala Bangles has established minimum contact with the State of New York for the Court to exercise personal jurisdiction by selling its patent products in the

State of New York. Most importantly, the claimed invention in the 'D167 Patent was conceived and reduced to practice in the State of New York.

7. Further Bala Bangles also committed wrongful acts to lockdown Plaintiff's ASINs and stop sales of Plaintiff's product in the State of New York for an extended period of time.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because (i) N. Kislevitz and N. Kislevitz resides in the State of New York and (ii) Bala Bangles has a regular and established place of business in the State of New York and the alleged patent infringement occurred within the State of New York.

## FACTS

9. This case arises out of Defendants' assertion of the 'D167 Patent to lockdown Plaintiff's ASINs and to stop Plaintiff's sales of weight bands in the United States, including the State of New York.

10. The 'D167 Patent is directed to the design of a weight band with eight weight bars abutting each other in a sequence as shown in Fig. 4 of the 'D167 Patent shown below:



FIG. 4

11. The weight band claimed in the 'D167 Patent is functional in nature and does not qualify for design patent protection under 35 U.S. Code §171(a), which states that "any new, original and ornamental design for an article of manufacture" are eligible for design patent protection.

12. As a result of the primarily functional nature of the weight band, the 'D167 Patent is invalid under 35 U.S. Code §171(a).

13. Moreover, any decorative element of the claimed designs in the 'D167 Patent have been known prior to the filing date of the 'D167 Patent. For example, Korean Design Registration 30-0934806 ("the 'KR806 Registration" Exhibit 4) disclosed near identical design pattern as shown below:



14. Moreover, the Plaintiff's weight band does not infringe the claim of the 'D167 Patent because it has different decorative patterns with gaps between bars. Additionally, the bars are removable to make it a one bar band or a ten bar band, making any 8-bar band an incidental event during the performance of a function of removing or adding bars to the band.

15. On May 12, 2025, Defendant filed a complaint against Plaintiff (Exhibit 5) based on the 'D167 Patent to lockdown Plaintiff's Amazon accounts for an extended period of time. The lockdown stopped Plaintiff's sales of storage boxes to customers in the United States, including those in the State of New York. The lockdown was unjustified and caused substantial damages to the Plaintiff.

16. Defendant's action gave rise to Plaintiff's right to take legal action for a declaratory judgment against the 'D167 Patent for noninfringement, invalidity and misuse because Defendant "impermissibly broadened the 'physical or temporal' scope of the patent

grant with anticompetitive effect." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

17. Defendant's wrongful acts also violated New York General Business Law (GBL) § 349 and tortiously interfered with Plaintiff's business relationships with Amason and with customers in the State of New York.

### COUNT I – DECLARATORY JUDGMENT OF NON- INFRINGEMENT OF THE 'D167 PATENT

18. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

19. Plaintiff's products are different from that of the 'D167 Patent.

20. The claimed weight band has all eight weight bars touching each other, as shown in Fig. 1 and Fig. 4 pf the '167 Patent below.



21. Plaintiff's weight bands, on the other hand, have gaps between adjacent weight bars, especially between bars #2 and #3 as well as bar # 4 and #5 counting from the left in the photos below.



22. As shown in Fig. 8 of the 'D167 Patent, the elastic band between the bars is a part of the claimed design.

5



FIG. 8

23. The stitching from the elastic band between the second and third bars and between the fourth and fifth bars creates a physical barrier between them, making it virtually impossible for those bars to touch.

24. The elastic band further support Defendants' claim that the eight bars must abut each other in a series because the elastic band portions, as shown in Figure 8, are not shown in Figures 1 of the 'D167 Patent.

25. Moreover, both ends of the weight bars in the claimed weight band design of the 'D167 Patent are decorated by one horizontal line and two vertical lines while the Plaintiff's weight bar does not have such a feature and is mostly smooth.

| The claimed feature at the end of the weight bars in the 'D167 Patent | The end of the Plaintiff's weight bar |
|---|---|
| (image of oval with horizontal and vertical lines) | (photograph of black weight bar end) |

26. A direct comparison of the flat surfaces of the weight bar in the claimed design and that of the Plaintiff's weigh band further demonstrate the difference in the table below:

| The flat surface of the weight bars in the 'D167 Patent is decorated with two vertical lines and two horizontal lines. | The flat surface of the Plaintiff's weight bar is decorated with five vertical lines. |
|---|---|
| | |

27. Therefore, Plaintiff's weight bands do not/cannot infringe any valid claim of the 'D167 Patent.

WHEREFORE, Plaintiff prays for judgment against Defendants that Plaintiff's weight band products do not infringe the claim of the 'D167 Patent, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

## **COUNTER CLAIM II.  DEDICATION TO THE PUBLIC**

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. As shown below, Plaintiff's weight band product makes it impossible for the eight bars to abut each other so as to substantially deviate from the claimed design of the 'D167 Patent.



30.     Plaintiff's weight band product is not decorated by the claimed one horizontal line and two vertical lines at the ends of each weight bar.



31.     Plaintiff's weight band product further makes it impossible to be decorated by the claimed two vertical lines and two horizontal lines on its flat surface.



32.     Plaintiff submits that its weight band products do not practice the 'D167 Patent, i.e., the 'D167 Patent claimed only the non-functional part of the design as shown in Figures 1-8 in the 'D167 Patent with all adjacent bars abutting each other, with decorations of one horizontal line and two vertical lines at the ends of each weight bar and with decorations of two vertical lines and two horizontal lines on its flat surface. Defendants dedicated those without these features to the public.

WHEREFORE, Plaintiff prays for judgment against Defendants that Plaintiff's weight band products do not infringe the claim of the 'D167 Patent for using designs in the public domain, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

### COUNTERCLAIM III.  DECLARATORY JUDGMENT OF INVALIDITY

33. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34. The 'D167 Patent is invalid for being functional in nature to fail to meet the design patent qualifications specified in 35 U.S. Code §171(a), which states that "any new, original and ornamental design for an article of manufacture" are eligible for design patent protection.

35. Moreover, any decorative element of the claimed designs in the 'D167 Patent have been known prior to the filing date of the 'D167 Patent. As shown in the table below, the claimed design pattern is compared directly with that of the 'KR806 Registration." They have identical or near identical design patterns:

| The design pattern of the 'KR806 Respiration | The design patter of the 'D167 Patent |
|---|---|
|  | FIG. 4 |

36. Defendant's baseless complaint to Amazon has caused significant damages to Plaintiff.

9

WHEREFORE, Plaintiff demands a declaratory judgment that the claim of the 'D167 Patent is invalid for failure to meet the requirements of 35 U.S. Code §171(a) and a permanent injunction against Defendants from any further assertion of patent infringement of the 'D167 Patent, with costs of this action, including attorney's fees, and any other relief that the Court deems just and equitable.

**COUNT IV.   VIOLATION OF NEW YORK GENERAL BUSINESS LAW (GBL) § 349**

37.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38.     Defendant's frivolous complaint to Amazon based on the 'D167 Patent against Plaintiff constitutes deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and they are declared unlawful in NYGBL § 349(a).

39.     NYGBL § 349(h) authorizes private right of action under the law[1].

40.     Plaintiff has been damaged by Defendant's violation of NYGBL § 349.

41.     Plaintiff is entitled to treble damages under NYGBL § 349(h), and attorney fees.

WHEREFORE, Plaintiff demands:

Treble damages against Defendants, the costs for this action, including attorney's fees; and any other relief the Court deems just and equitable.

---

[1] NYGBL § 349(h) states that "(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

## COUNT V.   TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

42. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. Defendants knew that Plaintiff has been doing business on Amazon.com through its e-commerce store(s) under standard agreement between Amazon.com and its e-commerce stores.

44. Defendant also knew that Plaintiff has been selling its noninfringing weight bands to customers in the State of New York.

45. Defendant also knew that it is not a party to the Plaintiff-Amazon.com agreement and not a party to the Plaintiff-New York customers' agreements.

46. Defendants knowingly filed a frivolous complaint against Plaintiff to Amazon, alleging that Plaintiff's noninfringing weight bands infringed the 'D167 Patent claim.

47. Defendants knew that Plaintiff-Amazon agreement calls for closing the e-commerce stores upon third party allegations of patent infringement.

48. Defendants abused Amazon's store-closing process by filing frivolous claims for patent infringement against Plaintiff.

49. Defendants tortiously interfered with Plaintiff's business relationship with Amazon and Plaintiff's business relationship with customers in the State of New York, through their wrongful and malicious conducts and caused substantial damages to Plaintiff.

WHEREFORE, Plaintiff demands:

Money damages against Defendants, jointly or severally, for tortiously interfere with the contract between Plaintiff and Amazon, and between Plaintiff and its customers in New York,

including lost sales, storage fees for unsold goods, shipping costs, handling fees, removal fees, the costs for this action; Punitive and exemplary damages; and any other relief the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: June 19, 2025

*/s/ Lance Liu*
Lance Liu, Esq.
NY Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
(203)706-9536

**ATTORNEY FOR PLAINTIFF**