USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                   :
XIAMEN TINGKEN ELECTRONIC          :
TECHNOLOGY CO., LTD., *also known as*   :
NOONCRAZYPRO Store,                     :               1:25-cv-5155-GHW
                                                   :
                                  Plaintiff,   :                     <u>ORDER</u>
                                                   :
                    -against-                :
                                                   :
BALA BANGLES, INC., *et al.*,                  :
                                                   :
                                  Defendant.   :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        Plaintiff commenced this action on June 19, 2025, seeking, among other things, declarations that its products do not infringe on Defendants' patent and that Defendants' patent is invalid, Dkt. No. 1 ("Complaint") ¶¶ 18–36, and bringing claims for violation of New York General Business Law Section 349 and for tortious interference, *id.* ¶¶ 37–49. The Complaint alleges that venue is proper in this district because defendants Natalie Kislevitz and Maximilian Kislevitz "reside[] in the State of New York," defendant Bala Bangles, Inc. ("Bala Bangles") "has a regular and established place of business in the State of New York," and "the alleged patent infringement occurred within the State of New York." *Id.* ¶ 8. However, according to the Complaint, Plaintiff is a Chinese company with headquarters in China, *id.* ¶ 1, Natalie and Maximilian Kislevitz reside in Brooklyn, *id.* ¶¶ 3–4, Bala Bangles is incorporated in California, *id.* ¶ 2, and the Complaint alleges no facts that would support its conclusory allegation that Bala Bangles has "a regular and established place of business" in this district, *see id.* ¶¶ 2, 6 (alleging merely that Bala Bangles has a regular and established business in New York because other stores sell its products in New York); *see generally* Dkt. No. 13 at 1–2.

Because the only parties that are alleged to reside in New York in this case reside in Brooklyn, and because there are no allegations in the Complaint describing the occurrence of events in the Southern District of New York, the Court ordered Plaintiff to show cause as to why this case should not be transferred to the Eastern District of New York on June 23, 2025.  Dkt. No. 13 at 2.  The Court's order also provided that if Plaintiff consented to the transfer of this action to the Eastern District of New York, it should submit a letter stating that it consents to the transfer by no later than June 30, 2025.  *Id.*

On June 24, 2025, Plaintiff submitted a letter stating that it "consents to a transfer of this case to the Federal District Court for the Eastern District of New York."  Dkt. No. 14.  Because venue does not lie in this district and the interest of justice weighs in favor of transferring the case to the district that encompasses the court identified as the proper venue, and light of Plaintiff's consent of the transfer of this case to the Eastern District of New York, this case is hereby transferred pursuant to 28 U.S.C. § 1406(a) to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to United States District Court for the Eastern District of New York without delay.  Plaintiff is directed to serve a copy of this order on all Defendants in this action and to retain proof of service.

SO ORDERED.

Dated:  June 25, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge